

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-23-2004

# Hassan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1005

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Hassan v. Atty Gen USA" (2004). *2004 Decisions.* Paper 127.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/127

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1005

SYED ZUFIGAR UL HASSAN,
                                        Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL OF THE UNITED STATES,
                                                    Respondent

On Petition for Review of a Decision of the
Board of Immigration Appeals
(BIA No. A70-528-890)

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 25, 2004

Before: SCIRICA, *Chief Judge*, FISHER and ALDISERT, *Circuit Judges*

(Filed   November 23, 2004)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Petitioner Syed Zulfigar Ul Hassan, a native and citizen of Pakistan, seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA") on December 5, 2002. The order affirmed the immigration judge's decision to deny Mr. Hassan's request for asylum, withholding of removal and protection under the Convention Against Torture. We have jurisdiction to review the BIA's order under 8 U.S.C. § 1252. We will affirm.

**I**.

Mr. Hassan arrived in the United States on or about July 24, 1991, as a non-immigrant visitor with permission to remain until January 23, 1992. He stayed beyond the authorized period and filed a request for asylum based on persecution for political opinion on April 9, 1992.

Before coming to this country, Mr. Hassan was an auto mechanic and a member of the left-leaning Pakistan People's Party (PPP) in the town of Gujrat. He claims that in April 1991, while the local government was under the control of the fundamentalist Muslim League party, he was detained for sixteen days and beaten by the police. According to Mr. Hassan, he was released from jail only after his father and other PPP members paid 80,000 rupees to authorities. He was allegedly hospitalized for two weeks as a result of the beatings. He subsequently returned to his job as an auto mechanic. He claims that a few weeks later, plain-clothes police and/or Islamic terrorists shot at his

2

garage. He then decided to leave Pakistan. Mr. Hassan believes he could be detained again if he is returned to Pakistan under the present military government because of his past persecution and certain damage-to-property complaints and warrants filed against him at that time. He has not been actively involved with the PPP since leaving Pakistan.

At a hearing on August 8, 2001, the immigration judge denied Mr. Hassan's asylum, withholding, and Convention Against Torture claims. Noting inconsistencies in his testimony and his asylum application submissions, the immigration judge found that Mr. Hassan was not credible and that he had failed to establish past persecution or a well-founded fear of future persecution. He also found that he was not likely to be tortured if he were returned to Pakistan.

Where the BIA summarily affirms the immigration judge's decision without opinion, we review the immigration judge's opinion. *Dia v. Ashcroft,* 353 F.3d 228, 245 (3d Cir. 2003) (en banc). We review the immigration judge's factual determinations under the substantial evidence standard, meaning that we will uphold findings "to the extent they are 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Balasubramanrim v. INS,* 143 F.3d 157, 161 (3d. Cir. 1998) (quoting *INS v. Elias-Zacarias,* 502 U.S. 478 (1992)).

**II**.

For a petitioner to establish he is a refugee eligible for asylum, he must demonstrate that he is unable or unwilling to return to his country of origin "because of

3

persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (1999). A petitioner for asylum bears the burden of supporting his claim through credible testimony. *Gao v. Ashcroft,* 299 F. 3d 266, 272 (3d Cir. 2002). An adverse credibility finding by the immigration judge should be supported by a specific, cogent reason for the disbelief in petitioner's testimony. *Balasubramanrim,* 143 F.3d at 161-62. In asserting a claim under the Convention Against Torture, the applicant must establish "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2); *see also Tarrawally v. Ashcroft,* 338 F. 3d 180, 188 (3d Cir. 2003).

In finding Mr. Hassan's testimony not credible, the immigration judge pointed to inconsistencies in his testimony regarding the following: the place of his arrest in April 1991, the extent of his political activities after his detention, the date of the shooting at the garage and the identity of the shooters. The immigration judge also noted that supporting letters from Mr. Hassan's lawyer in Pakistan and PPP district president lacked corroborating details about his arrest, torture and resulting two-week hospitalization.

Although Mr. Hassan may have explanations for these ambiguities, we could find nothing in the record on appeal to show that the immigration judge lacked substantial evidence in making his adverse credibility finding. After noting the inconsistencies, the immigration judge duly examined Hassan's submissions to see if corroboration might

4

shed light on them. The corroborating letters, however, lacked specific information. Hassan's attorney points to no other facts in the record and makes no argument to the effect that the immigration judge overlooked or ignored relevant facts that would resolve the ambiguities in Mr. Hassan's favor. As such, we conclude on this record that substantial evidence supports the immigration judge's adverse credibility determination.

Hassan also argues that his case should be reopened and remanded because of a changed circumstance, namely his marriage to a Hindu woman of Indian origin and a United States citizen. Hassan claims that, if forced to return to Pakistan, both he and his wife and family would be at risk of persecution on account of her race, religion and US citizenship. The BIA found, however, that "[Hassan] did not sufficiently demonstrate that conditions in Pakistan have changed such that he, as an 'Americanized' Muslim Pakistani, or as the husband of a Hindu United States citizen of Indian descent, will suffer persecution or torture if removed to Pakistan." Even taking into account the deplorable state of Muslim-Hindu relations in Pakistan, we do not believe that the fact of his recent marriage adds enough to Mr. Hassan's claim to support a well-founded fear of future persecution in this case, especially where substantial evidence otherwise underpins denial of the claim.

### III.

For the foregoing reasons, we conclude that substantial evidence supported the immigration judge's findings and the BIA's order. We will accordingly affirm.

5